## Hill, Appellant, *v.* Bowman.

Argued March 21, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William W. Knox,* with him *Knox, Pearson & Mc-Laughlin,* for appellant.

*James C. Bly,* for appellee.

OPINION PER CURIAM, May 2, 1966:

The plaintiff and defendant in this case purchased 471 acres of land in Sheffield Township, Warren County, for the purposes of operating and developing it for sale, together with its integral oil, gas, minerals or timbers, the proceeds of the sale or sales to be shared equally.

The property was purchased on November 21, 1941. In May, 1950, the parties entered into a discussion regarding the sale of the timber from the plaintiff to the defendant, the latter paying first $2,500 and on June 17, 1950, $2,500 more, the plaintiff then transferring his interest in the timber to the defendant.

On November 29, 1960, the plaintiff instituted against the defendant a suit in equity to rescind a dissolution of their joint venture and to require an accounting of the proceeds from the sale of the aforementioned timber or any other portion of the premises, the plaintiff contending: "The said representations as to the value of the timber made by the defendant, Bowman, were not true, and the defendant, Bowman, well knew that the said timber was worth a much greater sum than $10,000.00 as hereinafter more particularly set forth, and the said representations were made for the purpose of inducing plaintiff, Hill, to part with his interest in said timber to his partner or joint adventurer for much less than its fair value."

The term of office of the chancellor who heard the case expired before he had filed his adjudication. This latter task was then assumed by his successor, who, after making a study of the record and evidence, filed an adjudication in which he summarized: ". . . the entire action reduces itself to the one simple question of whether or not the defendant made any misrepresentations to the plaintiff or paid an inadequate price at the time of the timber transaction between the parties in May and June, 1950. To be successful in this action,

the plaintiff must meet the burden of proof in regard to the two main questions of fact: (1) serious inadequacy of price, and (2) Fraud, actual or constructive: Neill v. Shamburg, 158 Pa. 263, 27 A. 992."

The chancellor exhaustively reviewed the evidence and found that the defendant had made no misrepresentation to the plaintiff, either as to the value or quantity of the timber and that the amount paid by the defendant to the plaintiff for the timber was adequate and fair. The chancellor accordingly concluded that no accounting to the plaintiff was required and that, therefore, the complaint should be dismissed. The plaintiff filed exceptions which were dismissed.

We have examined the record and find no abuse of discretion by the chancellor in reaching his findings and making his conclusions. Though he did not see the witnesses, the black and white record more than amply supports his findings and conclusions. We encounter no reason to disturb the action taken by him. His adjudication reveals clearly that he considered the evidence presented and that his determination was reached in accordance with the applicable principles of law.

Decree affirmed. Costs to be equally divided.